David Lee BUTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 1086–90.

Court of Criminal Appeals of Texas, En Banc.

May 6, 1992.

---

Molly Meredith Lenoir, Gary A. Udashen (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., and Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant, on his not guilty plea, of the offense of aggravated robbery. Punishment was assessed at fifteen years confinement in the Texas Department of Corrections [1]. We granted review to consider whether the court of appeals erred in holding that the trial court did not abuse its discretion in excusing a qualified venireperson over appellant's objection. We will affirm.

As sufficiency of the evidence is not in issue, only a brief recitation of the facts is necessary. In Dallas, on March 13, 1989, a robbery took place at an M.E. Moses store. Having been alerted that suspicious activity was afoot, a number of Dallas Police Officers proceeded to the store and were at the location as a group of suspects exited. After a brief chase, appellant and his cohorts were apprehended; the store manager and one of his employees identified appellant as one of the participants. The manager later testified that appellant had placed a gun to his head and demanded that he open the store's safe and cash register; further testimony indicated that he had tied the manager's hands with an extension cord while an accomplice threatened the employee with a knife. Admitting participation in the crime, appellant nevertheless raised the affirmative defense of duress claiming that his role in the robbery was prompted by a need for money after

he received death threats from a Jamaican drug dealer.

On direct appeal, appellant challenged his conviction raising four "grounds of error" [sic], the first of these alleging that the trial court erred in *sua sponte* excusing a qualified juror over his timely objection. Specifically, he maintains that the court's action was an improper *sua sponte* challenge for cause of a prospective juror who would otherwise not be challengeable under Article 35.16 of the Texas Code of Criminal Procedure. As such, it is appellant's contention that the trial judge abused his discretion.

During the general *voir dire* of the array, Venireperson DeCarlucci expressed some apprehension over the possibility of an extended trial [2]. As suggested by the defense counsel, DeCarlucci waited until the general *voir dire* had concluded and then asked to speak to the judge concerning her problem. Judge Crosier's questioning elicited the following:

THE COURT: Mrs. Kathleen DeCarlucci. Did you need to see us about something, ma'am?

JUROR NO. 8: Well, only because he suggested I might want to. I just am experiencing some high anxiety about sitting on a jury for three or four days and my potential loss of pay because it's—

THE COURT: You work for Travelhost?

THE WITNESS [sic]: Yes, sir.

THE COURT: What is that now?

JUROR NO. 8: Well, I'm specifically in a magazine operation. We publish a travel magazine.

THE COURT: Your situation is such that they don't honor jury service by paying you while you are here? Are you just on a commission?

JUROR NO. 8: This is not relating to legalities of the facts but personal and I am having a lot of anxiety about serving on a jury for a multiple of days due to the fact that my employer deducts from my time off, my absence. And I'm concerned that I'm having anxiety that I could be objective about evaluating the case. MR. SKOR: Maybe you can come up and talk to the Judge. Thank you.
\* \* \* \* \* \*

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. In response to defense counsel's questioning of the panel-at-large, DeCarlucci responded in the following way:

JUROR NO. 8 [DeCarlucci]: May I say something?
MR. SKOR [Defense Counsel]: Sure.

JUROR NO. 8: It's counted against my time off. And if I don't have enough days to compensate that, then I don't get paid.

THE COURT: By days, you mean such as in lieu of vacation?

JUROR NO. 8: Yes, sir.

THE COURT: Well, is that going to impair your ability to sit here patiently and listen to this case and be fair and impartial to both sides?

JUROR NO. 8: I am concerned that I would be preoccupied with the fact that I am missing work.

THE COURT: Of course, you understand everybody here had probably rather be somewhere else.

JUROR NO. 8: Oh, I understand that. *It's the potential I will lose pay.* (Emphasis added).

\* \* \* \* \* \*

The judge then asked both the defense and the State if they desired to individually question her. Both sides declined the invitation and the judge dismissed DeCarlucci, her excusal prompting an objection by the defense. Without directly responding to appellant's objection, the judge instead explained that:

[THE COURT:] on yesterday [sic] while we were here on voir dire and also this morning the Court personally observed this venire person [sic], Kathleen DeCarlucci who was seated as it happens the eighth person here on the first row, and

she was unusually and noticeably nervous and edgy about something and I assume from what she said it was about her economic situation in being here and not being covered by her employment in any way for it. And I just think it's fair to both sides not to have a juror that's in such a hurry to get out, they can't pay complete, full attention and concentrate on this case. It's not fair to the State or the defense either one.

\* \* \* \* \* \*

The court moved on to the next juror without explicitly stating the statutory basis for the excusal of DeCarlucci[3].

The Fifth Court of Appeals reviewed the trial proceedings and, in an unpublished opinion, sustained appellant's first point of error. *Butler v. State*, No. 05–89–00655–CR, slip op. at 3 (Tex.App.—Dallas, delivered June 27, 1990). However, that court subsequently granted the State's Motion for Rehearing and withdrew and vacated its prior opinion and judgment while affirming the trial court's judgment[4]. *Butler v. State*, No. 05–89–00655–CR (Tex. App.—Dallas, delivered September 13, 1990) (Opinion on State's Motion for Rehearing).

In its opinion on rehearing, the court of appeals held that the excusal of venireperson DeCarlucci was a proper exercise of the court's discretion pursuant to Article 35.03(1) of the Code of Criminal Procedure[5]. That court, interpreting past case-

---

3. Furthermore, the information found in the court's juror list and on the individual juror information cards does not distinguish between excusals and challenges for cause. The juror list, although providing a space to indicate excusals, was marked for cause in every instance, including those in which a venireperson was clearly granted an excusal without objection. Additionally, it is unclear whether visiting Judge Byron Crosier, the court reporter or a clerk marked the list. The juror information cards, conversely, simply reflect whether a venireperson was "Exc." (excused) or "J" (accepted as a juror).

4. The court of appeals resolved all Points of Error against the appellant.

5. Article 35.03 provides:

   **Art. 35.03. Excuses**

   Sec. 1. Except as provided by Sections 2 and 3 of this article, the court shall then hear and determine excuses offered for not serving as a juror, and if the court deems the excuse sufficient, the court shall discharge the juror or postpone the juror's service to a date specified by the court.

   Sec. 2. Under a plan approved by the commissioner's court of the county in the same manner as a plan is approved for jury selection under Section 62.011, Government Code, in a case other than a capital felony case, the court's designee may hear and determine an excuse offered for not serving as a juror, and if the court's designee deems the excuse sufficient, he may postpone the juror's service to a date specified by the court's designee.

   Sec. 3. A court or a court's designee may discharge a juror or postpone the juror's service on the basis of the juror's observation of

law in concert with relevant portions of the Code [6], noted that although "[a] trial court should never sua sponte excuse prospective jurors for cause unless they are absolutely disqualified from serving on a jury", the presiding judge at trial "shall hear and determine excuses offered by prospective jurors for not serving as a juror and, if sufficient, discharge those members of the venire." *Id.* at 4 (citing to *Johnson v. State,* 773 S.W.2d 322, 329 (Tex.Crim.App. 1989); *Harris v. State,* 784 S.W.2d 5, 18 (Tex.Crim.App.1989); *Nichols v. State,* 754 S.W.2d 185, 193 (Tex.Crim.App.1988); TEX. CODE CRIM.PROC.ANN. art. 35.03(1) (Vernon 1981)). The court reasoned that "the trial court excused DeCarlucci pursuant to article 35.03(1)" of the Code and not under Article 35.16, therefore the action taken by the trial court was not an abuse of discretion. *Id.* at 5–6.

█ In his petition to this Court, appellant renews his assertion that the trial court has undertaken a *sua sponte* challenge for cause which, in effect, is tantamount to granting the State an additional peremptory strike. In particular, he claims that the court of appeals erred because the excusal granted in the present cause is similar to those found in *Moore v. State,* 542 S.W.2d 664 (Tex.Crim.App.1976), *cert. denied,* 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977), and *Green v. State,* 764 S.W.2d 242 (Tex.Crim.App.1989), cases which he claims stand for the proposition that it is improper for the trial court to grant an excusal. when the excuse given comes during or after questioning of the venire.

In *Green,* this Court confronted the propriety of a *sua sponte* excusal of a prospective venireperson on the ground that she was unable "to distinguish intentional conduct from deliberate conduct" despite the absence of a challenge for cause. 764 S.W.2d at 246. The facts presented in that case invited our review of a court's *sua sponte* excusal *for cause,* and not a court's granting of an *excuse* from jury service. *See Id.; See also* TEX.CODE CRIM.PROC.ANN. arts. 35.03 and 35.16 (Vernon supp.1990). There, in response to the State's *voir dire* questioning, Venireperson Ritz stated that she would be unable to assess the death penalty. *Id.* at 244. The State challenged her for cause, but further questioning by the defense revealed that she would assess the death penalty if the special issues [7] were proven. *Id.* at 244–245. The trial judge delayed his decision on the State's challenge until the State had finished its redirect examination of Ritz and until he had had the opportunity to question her. *Id.* The judge's questioning showed that Ritz had difficulty distinguishing between the terms deliberate and intentional; however, the judge granted the State's challenge for cause solely on the punishment issues and despite Ritz's rehabilitation on the punishment points. *Id.* As the State "had never challenged Ritz for cause as to her ability to distinguish intentional conduct from deliberate conduct, the trial court's subsequent excusal of Ritz on [that] ground was unquestionably *sua sponte* [ ]" and, therefore, improper as an excuse for cause on grounds other than absolute disqualification [8]. *Id.* at 246. The present cause neither involves an excusal for cause nor an absolute disqualification and, thus,

a religious holy day or religious beliefs only if the juror provides an affidavit as required by Article 29.012(c) of this code.
TEX.CODE CRIM.PROC.ANN. art. 35.03 (Vernon supp. 1988).

6. The portions of Chapter 35 that are most relevant to the matter at bar are Articles 35.03, 35.16 and 35.19. *See* TEX.CODE CRIM.PROC.ANN. arts. 35.01 *et seq.* (Vernon supp. 1988).

7. TEX.CODE CRIM.PROC.ANN. art. 37.071(b) (Vernon supp.1988).

8. Article 35.19 requires a judge to excuse a potential juror "when it appears that he is subject

to the second, third or fourth cause of challenge in Article 35.16. . . ." TEX.CODE CRIM.PROC.ANN. art. 35.19 (Vernon supp. 1988). The disabilities which Article 35.19 refers to are:

\*　　\*　　\*　　\*　　\*　　\*

2. That he has been convicted of theft or any felony;
3. That he is under indictment or other legal accusation for theft or any felony;
4. That he is insane; . . . .
TEX.CODE CRIM.PROC.ANN. art. 35.16(a) (Vernon supp. 1988).

is not of the type addressed by Articles 35.16 and 35.19 of our Code. *Green,* therefore, is without application to this cause.

This Court, in *Moore,* acknowledged that a trial judge should not *sua sponte* excuse a potential juror except on grounds of absolute disqualification. *Moore,* 542 S.W.2d at 668; *See also* TEX.CODE CRIM.PROC.ANN. art. 35.19 (Vernon supp. 1990). Once again, however, that case dealt with an excusal based upon Articles 35.16 and 35.19, not Article 35.03. Additionally, that case never reached the grounds raised as that appellant failed to preserve the issue for appeal. *Id.* As no error was there presented, that holding does not control in the case at issue.

■ In the past, we have held that Article 35.16 is not a comprehensive list of challenges for cause. *See Moore,* 542 S.W.2d at 669; *Nichols,* 754 S.W.2d at 193 (citing *Moore* ). However, the cases reaching that conclusion failed to consider the interplay between Articles 35.19, 35.16 *and* 35.03. When conducting *voir dire,* the trial judge has the discretion, upon a reason sufficient to satisfy the court, to excuse *an otherwise qualified* venireperson from jury service. This is in contrast to a situation where a judge *must* excuse a venireperson who, for instance, suffers from a disability sufficient to absolutely disqualify. *See* TEX.CODE CRIM.PROC.ANN. arts. 35.03, § 1 and 35.19 (Vernon supp. 1990); fn. 5 *supra.* Article 35.16, on the other hand, provides a framework under which *unqualified* [9] potential jurors may be discovered by the parties and excised from the panel without need to resort to the exercise of a peremptory strike. *See* TEX.CODE CRIM.PROC.ANN. art. 35.16 (Vernon supp. 1990). An excusal of an *unqualified* venireperson pursuant to Article 35.16 is qualitatively different than one in which a *qualified* venireperson requests, on the basis of a personal reason, an excuse from jury service, *viz:* the bases for a cause challenge enumerated in Article 35.16 are, as a *matter of law,* the only ones which a party may request that a judge rule upon to disqualify a juror, while the judge may, in accordance with Article 35.03, consider any other excusal factor with or without the prompting of counsel. We hold that Article 35.16 is a complete list of challenges for cause. To the extent that some past cases contain language that differs [10] from this holding, they are disavowed.

■ Unlike Article 35.16, Article 35.03 provides no enumerated bases for excusing a potential juror, for to do so would ignore the varying circumstances attendant in each new venire. We believe that when rendering an excuse under Article 35.03 a trial judge is not, as appellant suggests, limited to the period before questioning of the venire takes place. In order to provide the most efficient jury empanelment system possible, the judge *must* retain the ability to render an excuse in order to rectify problems created by such changed circumstances as, e.g., a venireperson's sudden realization that an excuse applies to her or to new and unforeseen developments which would render venirepersons incapa-

---

**9.** Past caselaw has intermixed the use of the words "disqualified" and "unqualified" despite the grammatical distinction that must be drawn, in light of our Code of Criminal Procedure, between the two words. The Texas Legislature has only provided for three instances in which a prospective juror is disqualified from jury service *ab initio. See* TEX.CODE CRIM.PROC.ANN. art. 35.19 (Vernon supp. 1990) (Absolute Disqualification). All other prospective jurors are presumptively qualified to serve as jurors, although they may, in fact, harbor a disability rendering them unqualified to serve. These disabilities are codified in Article 35.16, and are the bases for a challenge for cause. *See* TEX.CODE CRIM. PROC.ANN. art. 35.16 (Vernon supp. 1990). Nevertheless, this unqualified venireperson is eligible to serve on the jury until such time as her disability is made apparent to the trial judge. Once the disability is discovered, the trial judge must rule (in all situations save those covered by Article 35.19) on the challenge for cause. It is at this point that the trial judge, faced with a challenged, unfit venireperson, *disqualifies* the prospective juror. As a result, the author has purposefully used the term "absolute disqualification" in referring to venirepersons statutorily disabled from jury service under Article 35.19, the word "unqualified" when referring to a venireperson who is *subject to* disqualification via a challenge for cause, and the word "disqualified" when the trial judge (pursuant to a challenge for cause) has decided that a venireperson is unfit.

**10.** For example, *Moore* and its progeny.

ble of fairly considering the facts before them. To hold otherwise would unnecessarily hamstring trial judges in the exercise of their duties, and would hinder the selection of a fair and impartial jury. Furthermore, our Legislature has given no guidance regarding the timeframe in which a judge may excuse veniremembers under Article 35.03 [11]. *See* TEX.CODE CRIM.PROC. ANN. art 35.03 (Vernon supp. 1990). As there is no indication that the Legislature intended to limit the trial judge's power of excusal solely to the period prior to *voir dire* questioning of the panel, and as the terms used do not imply a limitation prior to the seating of the jury, we will not judicially supply such a meaning. Thus, the power to grant an excusal from jury service (pursuant to Article 35.03) inheres to the trial judge from the first assemblage of the array until the juror is, at last, seated. Here, there was no error in the timing of the excuse.

Our Court has had occasion to consider an excusal rendered solely pursuant to Article 35.03. *Johnson v. State*, 773 S.W.2d 322, 330 (Tex.Crim.App.1989). In that case, a prospective venireperson stated that she would have difficulty concentrating on the evidence presented because, in the event of a long trial, she would not be able to care for her ten year old grandson. *Id.* After questioning by the State and the defense, the trial court asked the venireperson whether or not she wished to serve, and she replied that she did not. *Id.* She was excused (over appellant's objection) pursuant to Article 35.03. *Id.* Appellant challenged on appeal the trial court's excusal because neither the defense nor the State had challenged the venireperson for cause, and because he believed the excuse given was insufficient to justify the court's action. *Id.* at 329–330. Writing for this Court in *Johnson*, Presiding Judge McCormick opined that:

> Article 35.03 provides that it shall be the court that hears and determines the sufficiency of excuses for not serving as a

juror. As the legislature has placed this responsibility and discretion upon the trial judges of this state, review of their decisions on appeal shall be whether such a decision constituted an abuse of discretion. That is, does the record reasonably reflect a tendency to support the trial court's holding. Where the record so reflects, decisions as to the sufficiency of excuses and the propriety of excusals rendered by trial courts shall not be disturbed on appeal. However, we feel that the exercise of this authority by trial judges should be jealously guarded and relied upon, not by the parties, but by the judges as a last resort for excusing, what would otherwise be, a proper juror. [Citations omitted].

*Id.* at 330. Thus, excusing the venireperson to care for her grandchild was not an abuse of discretion.

Similarly, we addressed the application of Article 35.03 in our opinion in *Harris v. State*, 784 S.W.2d 5 (Tex.Crim.App.1989). *Harris*, a direct appeal from a capital murder conviction, involved an excusal of a venireperson before individual *voir dire* was conducted, but after the venire had been sworn. *Id.* at 18. There, State and defense counsel were allowed to generally address the panel about the forthcoming *voir dire* and, immediately following this discourse, the panel was asked if there were any members who could not return for personal questioning. *Id.* The judge heard the excuses offered and then allowed counsel to interview the venirepersons. *Id.* One such venireperson, Dixon, explained that he anticipated new employment in a different city, and the judge, over defense counsel's objection, excused him. *Id.* Referring to our prior decision in *Johnson*, we noted that "the excusal of a prospective venireperson at this stage of trial was not a 'sua sponte' excusal." *Id.* (citing to *Johnson v. State*, 773 S.W.2d 322). Moreover, we observed that:

> [c]ases such as [*Green, Nichols, Roug-*

---

**11.** Little information regarding the bill history of the 1965 Code is available, and subsequent amendments to Article 35.03 have not discussed this issue.

*eau*[12] and *Moore*][ ] wherein we found error, albeit not always reversible, from sua sponte excusals of jurors were not dispositive in *Johnson*. These cases were founded on the principle that a trial court should not on its own motion excuse a prospective juror *for cause* under Art. 35.16, V.A.C.C.P., unless he is absolutely disqualified from jury service under Art. 35.19, V.A.C.C.P.

\* \* \* \* \* \*

In both [*Rougeau* and *Nichols*] this Court found the trial court erred in excusing the prospective jurors on its own motion. Neither opinion discussed Art. 35.03 as a basis for the trial judge's actions. See also *Green*, 764 S.W.2d at 246, n. 1. Under *Johnson* and our holding today, neither ... excusal of [those venirepersons] would be 'sua sponte' or error. To the extent *Rougeau* and *Nichols* conflict with the holding in this case and *Johnson*, they are overruled. *Johnson* therefore is the controlling caselaw in this area. Since the prospective venireperson in *Johnson* was excused pursuant to Art. 35.03, § 1, rather than for cause, the rationale in the opinions cited by appellant does not apply.

*Id.* at 18–19 (emphasis in original). Again, we held that the trial judge's action was not an abuse of discretion. *Id.* at 19.

The record in the instant cause reflects that the trial judge excused venireperson DeCarlucci pursuant to Article 35.03 and not Article 35.16. The statement made by Judge Crosier following the excusal, in combination with a pattern of referring to all excusals in the same manner, indicates that this was not a *sua sponte* strike for cause under Article 35.16. Instead, this was, following the rationale of *Harris* and

*Johnson*, a proper exercise of the trial judge's discretionary authority, under Article 35.03, to grant an excusal to an otherwise qualified venireperson. We hold the trial judge's excusal of venireperson DeCarlucci was not an abuse of discretion, and appellant's ground for review is, therefore, overruled.

The judgment of the court of appeals is affirmed.

MILLER, Judge, concurring.

Although neither party mentions it in their briefs, I feel compelled, in the interests of justice and completeness, to mention Section 62.110 of the Texas Government Code which also addresses the judicial excuse of a potential juror.[1] Section 62.110 is a codification of former civil statute Article 2120, an article which, until its amendment in 1971, was similar to the Code of Criminal Procedure's Article 35.-03(1). *See* TEX.REV.CIV.STAT. art. 2120 (1971) (repealed 1985); *cf.* TEX.CODE CRIM. PROC.ANN. art. 35.03 (Vernon supp. 1990); majority fn. 5 *supra.*

The language in former Article 2120 has been a part of Texas law as far back as 1876. Although renumbered by successive legislatures, that article read:

> The court may hear any reasonable excuse of a juror, and may release him entirely or until some other day of the term.

Acts 1876, p. 171; G.L. vol. 8, p. 1007. In 1971, the Sixty–Second Legislature amended Article 2120 to add to the above the following:

> provided, however, the court shall not excuse any juror for economic reasons

**12.** *Rougeau v. State,* 738 S.W.2d 651 (Tex.Crim. App.1987), *cert. denied,* 485 U.S. 1029, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988).

**1.** **§ 62.110. Judicial Excuse of Jurors**
(a) Except as provided by this section, a court may hear any reasonable sworn excuse of a prospective juror and release him from jury service entirely or until another day of the term.
(b) Pursuant to a plan approved by the commissioners court of the county in the same manner as a plan is approved for jury selec-

tion under Section 62.011, the court's designee may hear any reasonable excuse of a prospective juror and discharge the juror or release him from jury service until a specified day of the term.
(c) The court or the court's designee as provided by this section may not excuse a prospective juror for an economic reason unless each party of record is present and approves the release of the juror for that reason.
TEX.GOV'T CODE ANN. § 62.110 (Vernon 1988).

unless all parties of record are present and approve such excuse.

TEX.REV.CIV.STAT. art. 2120 (Acts 1971, 62nd Leg., p. 2801, ch. 905) (repealed 1985).

This Court, in *White v. State,* reviewed, in light of former Article 2120, the excusals given to five prospective veniremembers. 591 S.W.2d 851 (Tex.Crim.App.1980). There, the judge had granted excuses for a number of job-related reasons, to-wit: a hospital chief-of-staff's need to attend an accreditation conference, the planned vacations of two veniremembers, the need of a construction superintendent to be on-site during a critical stage, and the need of a worker to remain at work where his absence would reduce the staff to one-half. *Id.* at 857. There, we stated that:

[w]hile the excuses offered by the five prospective jurors were job-related, there is no showing that jury service for any of these individuals would have resulted in the loss of job, loss of compensation, salaries, wages, etc., the suffering of a financial burden or other economic consequences. We do not conclude that they were excused for economic reasons. No violation of said Article 2120 is shown. Appellant's ground of error is overruled.

*Id.*

Because *White* does not address the relevant jury selection provision of the Code of Criminal Procedure (Article 35.03), its persuasive force is diminished as applied to this case. Nonetheless, even if we proceed on the assumption that the somewhat cursory analysis of *White* is fully applicable in this case, DeCarlucci's excuse was not granted for an economic reason. Her anxiety over service on the jury, not her loss of pay or vacation time, was the factor the judge considered in excusing her from service; that is, she was excused because she would not have been able to properly weigh the facts and consider the evidence. Therefore, she was excused because she would

have been a bad juror, and *White* is not dispositive of the instant cause.

In *Mays v. State,* this Court was confronted with a case in which a trial judge excused several qualified venirepersons for economic reasons. 726 S.W.2d 937, 950 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988). Relying on Section 62.110 in stating that a judge should not excuse for economic reasons, we nonetheless held that "[e]rror, if any, was waived[ ]" when the appellant and the State were present and failed to object to the excusals. *Id.* at 950. Seemingly implicit in such a holding was an affirmation of the applicability of Section 62.110 to judicial excusals in criminal trials. However, as that case indicates, the merits of the ground of error in which Section 62.110 was addressed were never reached. *Id.*

Despite our earlier decisions implicating the contrary, I am not persuaded of the applicability of that section to the criminal setting. Chapter 62 of the Government Code, a generalized codification of laws, addresses both the qualifications of potential jurors and the procedures acceptable for drawing them from the citizenry-at-large. *See* TEX.GOV'T CODE ANN. ch. 62 (Vernon supp. 1988). As such, the procedures indicated have application to all trials in Texas[2], except where a particularized code addresses the same issue and cannot be read to give effect to both provisions. *See, e.g.* TEX.CODE CRIM.PROC.ANN. ch. 34 (Vernon supp. 1988). Article 35.03 creates just such a dilemma.

As a reading of Article 34 of the Code of Criminal Procedure indicates, the Legislature has seen fit to create special procedures in the jury selection area of criminal trials. Furthermore, Chapter 35 of the Code involves procedures for jury selection which occur *after* the venire has been created; i.e., it does not involve the general qualifications to serve, but rather is con-

2. For instance, this Court has, for many years, properly followed the provisions of Chapter 62's predecessors on the general qualifications of jurors and the use of the jury wheel. *See Shelby v. State,* 479 S.W.2d 31 (Tex.Crim.App.1972); *Williams v. State,* 261 S.W.2d 175 (Tex.Crim.

App.1953); *Atwood v. State,* 96 Tex.Crim. 249, 257 S.W. 563 (App.1924); *Herrera v. State,* 78 Tex.Crim. 259, 180 S.W. 1097 (App.1916). It should be noted that the Code of Criminal Procedure does not speak on this subject.

cerned with the juror qualifications unique to a criminal trial. A comparison of Article 35.03 of the Code of Criminal Procedure and Section 62.110 of the Government Code reveals an overlap in which the two codes contain extremely similar language. *Compare* TEX.CODE CRIM.PROC.ANN. art. 35.03 (Vernon supp. 1988) *with* TEX.GOV'T CODE ANN. § 62.110 (Vernon supp. 1988). As can be seen, the major difference between the two centers on the final subsection of each, namely: the disallowance of economic based excusals under Section 62.110(c), and the noticeable absence of any such prohibition under Article 35.03, § 3.

In fact, Article 35.03, § 3, amended as it was in 1987, refers to Article 29.012(c) which in turn describes the requirements of an affidavit necessary for a religious based excusal. Article 29.012 defines the term "Religious holy day," and is clearly the counterpart of Section 62.112 of the Government Code; a simultaneous reading of the two enactments reveals virtually identical language. *Compare* TEX.CODE CRIM.PROC.ANN. art. 29.012 (Vernon supp. 1988) *with* TEX.GOV'T CODE ANN. § 62.112 (Vernon supp. 1988). Such symmetry is neither accidental nor duplicative; on the contrary, the clear import of this intentional bifurcation by the Legislature can lead to only one conclusion: our procedural treatment of economically based excusals is required to be different.

In addition, the prohibition against economic excuses was not added to former Article 2120 until its amendment in 1971. TEX.REV.CIV.STAT. art. 2120 (Acts 1971, 62nd Leg., p. 2801, ch. 905) (repealed 1985). That addition was to the generalized code and it created an irreconcilable conflict with the Code of Criminal Procedure's analog. Where such a conflict exists, every attempt must be made to construe the two provisions so as to give effect to both. TEX.GOV'T CODE ANN. § 311.026(a) (Vernon

supp. 1988). But where, as here, the conflict is between a special provision and a general provision, the general provision will only be given effect where it is the latter enactment *and* it is the legislature's manifest intent that the general prevail. TEX.GOV'T CODE ANN. § 311.026(b) (Vernon supp. 1988). Former Article 2120 does not indicate a manifest intent on the part of the Sixty–Second Legislature to extend the prohibition against economic based excuses to criminal proceedings.[3] Further, Article 35.03 was amended in 1987 (as indicated above), but the Legislature chose not to add the prohibition at that time. Given that the Legislature did not act to change the more particularized codification governing a parallel area, it is reasonable to conclude that no such extension was ever intended. Thus, Article 35.03 is (and always has been) the relevant provision and it alone controls the issue at bar.

Having expressed my belief that past caselaw analyzed on the basis of Section 62.110 is in error and that Article 35.03 governs criminal trials, I respectfully concur.

CLINTON, Judge, dissenting.

In saying that "there is no indication that the Legislature intended to limit the trial judge's power of excusal solely to the period prior to the *voir dire* questioning of the panel ...," majority opinion, at 131, the majority overlooks the chronological structure in Chapter Thirtyfive of the Code of Criminal Procedure.[1]

First, after an announcement of ready, of course, names of those summoned as jurors are called. Article 35.01. Then those who respond are sworn to "make true answers to such questions as may be propounded to you ... touching on your service and qualifications as a juror[.]" Article 35.02. Thus prospective venire per-

---

**3.** There is a paucity of information in the bill history of former Article 2120. The expressed goals of the bill which was ultimately enacted into law do not, however, show any intent on the part of the Legislature to place this prohibition on criminal trials. They do, in fact, seem to indicate just the contrary.

**1.** All articles referred to are in the Vernon's Annotated Texas Code of Criminal Procedure (V.A.C.C.P.). Those mentioned relate to jury selection in a noncapital case.

sons have been identified and cautioned to be truthful concerning such matters.

"[T]he court shall *THEN hear* and *determine* excuses offered for not serving as a juror, and if the court deems the excuse sufficient, the court shall discharge the juror or postpone the juror's service to a date specified by the court." Article 35.03.[2]

The Legislature obviously contemplated that this process for screening out jurors with sufficient excuses is to be completed before the court moves on to other matters relating to formation of the jury, including hearing any challenge to the array pursuant to Articles 35.05 through 35.09. The court shall proceed "to try the *qualifications* of those [remaining] jurors," Article 35.10, subject to a "shuffle" under Article 35.11.

Thereafter, the court tests the statutory "qualification" of prospective jurors, Article 35.12, and those who pass the test are then subjected to *voir dire* examination by the respective parties for purposes of making a peremptory challenge or challenge for cause under Articles 35.14 and 35.16, respectively.

When voir dire is completed the parties strike their lists and deliver them to the clerk; the clerk calls off the first twelve names (six in county court) that have not been stricken. Those called constitute the jury to try the case.

Nowhere in the Code of Criminal Procedure has the Legislature authorized what the majority legislates today—that which manifestly is rife with and readily susceptible to much mischief.

Therefore, I respectfully dissent.

OVERSTREET, J., joins.

---

**2.** All emphasis here and throughout this opinion is mine unless otherwise indicated.