Trent Randall **BROSSETTE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–93–00750–CR.

Court of Appeals of Texas,
Dallas.

Sept. 26, 1994.

J. Stephen Cooper, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before THOMAS, ROSENBERG and
BARBER, JJ.

## OPINION

THOMAS, Justice.

The sole issue presented by this appeal is
whether the trial court's discretion to excuse
veniremembers extends beyond the time that
the parties exercise their peremptory chal-
lenges. Because we conclude the trial court
has authority to discharge veniremembers
for sufficient excuse until the jury is impan-
eled and sworn, we affirm the trial court's
judgment.

## NATURE OF THE CASE

Thomas Crump and four friends went to
downtown Dallas on October 9, 1992 to cele-
brate the annual Texas–Oklahoma University
weekend rally. The group was riding around
in a pickup truck and got into an argument
with two men in a Ford Probe. The argu-
ment started after the Probe bumped the
pickup twice in stalled traffic. During the
altercation, Crump was shot once in the
chest. Crump died that night. Trent
Randall Brossette, a passenger in the Probe,
was charged with murder. A jury returned
a guilty verdict and sentenced appellant to
ten years in prison.

## FACTUAL BACKGROUND

Fifty prospective jurors were summoned.
At the conclusion of *voir dire*, the trial court
granted seventeen challenges for cause. Ad-
ditionally, two individuals failed to appear for
service. Hence, thirty-one veniremembers
remained on the panel from which to select a
jury.

The State exercised nine peremptory chal-
lenges, and appellant exercised ten. Three
individuals were stricken by both sides. The

court then proceeded to call the first twelve persons who were not stricken. One of the individuals, Moias Reyna, failed to return after the break and was not present in the courtroom. A second person, Kathryn Johnson, informed the court that her new job might "affect her ability to concentrate on the evidence." Over appellant's objection, the trial court replaced Reyna and Johnson with the next two non-stricken persons on the list. Appellant had not used peremptory strikes against either of these two individuals, although he had used a strike to remove a prospective juror whose name appeared later on the list. The trial court then swore in the jury.

## TIMING OF EXCUSALS

In a single point of error, appellant complains the trial court violated article 35.26 of the Texas Code of Criminal Procedure when it replaced two prospective jurors after peremptory challenges had been made. Specifically, appellant contends reversal is warranted because the trial court violated mandatory provisions of the statute.

Article 35.26 provides:

(a) When the parties have made or declined to make their peremptory challenges, they shall deliver their lists to the clerk. Except as provided in Subsection (b) of this section, *the clerk shall,* if the case be in district court, *call off the first twelve names on the lists that have not been stricken.... Those whose names are called shall be the jury.*

TEX.CODE CRIM.PROC.ANN. art. 35.26 (Vernon 1989) (emphasis added). Appellant contends this language fails to provide the trial court with any discretion as to the jury's composition after peremptory challenges are made. We disagree.

■ A violation of article 35.26 per se does not constitute reversible error. *See Griffin v. State,* 481 S.W.2d 838, 840 (Tex.Crim.App. 1972). Rather, we are to consider the spirit

and intent of the article under the facts of the case. *See Griffin,* 481 S.W.2d at 840.

■ Further, appellant's position ignores the court of criminal appeals' interpretation of article 35.03 of the code of criminal procedure, which provides trial courts with authority to discharge jurors upon sufficient excuse.[1] A trial court, under article 35.03, has the authority to excuse a juror for a proper basis, although sworn, at any point up to the time the jury *has been sworn as a whole and impaneled. Kemp v. State,* 846 S.W.2d 289, 295 n. 4 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993); *Butler v. State,* 830 S.W.2d 125, 131 (Tex.Crim.App.1992) (per curiam). As the court stated in *Butler:*

We believe that when rendering an excuse under Article 35.03 a trial judge is not, as appellant suggests, limited to the period before questioning of the venire takes place. In order to provide the most efficient jury empanelment system possible, the judge *must* retain the ability to render an excuse in order to rectify problems created by such changed circumstances as, e.g., a venireperson's sudden realization that an excuse applies to her or to new and unforeseen developments which would render venirepersons incapable of fairly considering the facts before them. To hold otherwise would unnecessarily hamstring trial judges in the exercise of their duties, and would hinder the selection of a fair and impartial jury. Furthermore, our Legislature has given no guidance regarding the timeframe in which a judge may excuse veniremembers under Article 35.03. [Citation and footnote omitted.] As there is no indication that the Legislature intended to limit the trial judge's power of excusal solely to the period prior to *voir dire* questioning of the panel, and as the terms used do not imply a limitation prior to the seating of the jury, we will not judicially supply such a meaning. Thus, the power to grant an excusal from jury service (pursuant to Article 35.03) inheres to the trial judge from the first assemblage

---

1. Article 35.03 provides in relevant part:
   Except as provided by Sections 2 and 3 of this article, the court shall hear and determine excuses offered for not serving as a juror, and if the court deems the excuse sufficient, the court shall discharge the juror or postpone the juror's service to a date specified by the court. TEX CODE CRIM PROC.ANN. art. 35.03, § 1 (Vernon 1989).

of the array until the juror is, at last, seated.

*Butler,* 830 S.W.2d at 130–31.

Thus, the court of criminal appeals contemplated there would be circumstances, after both parties exercised peremptory challenges, when a trial court could excuse a juror. Such is the case here. After the names of the jurors were called, Johnson asked if her concern had been brought to the trial court's attention. She then explained that she would be forced to prepare for an upcoming job performance at night, which would affect her ability to concentrate on the evidence. Johnson did not inform the trial court of her predicament until after peremptory strikes had been made.

Reyna's absence was discovered when the court began calling the first twelve non-stricken names. The trial court noted the veniremembers were called into court at 6:40 p.m. At 6:53, Reyna was not in the hallway, the building was closed, and Reyna's whereabouts were unknown. Appellant did not seek an investigation into why Reyna failed to return after the break, nor did he seek a writ of attachment. *See Coleman v. State,* 881 S.W.2d 344, 351 (Tex.Crim.App.1994) (appellant failed to preserve error because he did not seek process to require absent veniremembers to appear before trial court).

Appellant does not challenge whether the reasons for excusal were sufficient; rather, he complains only of the timing of the trial court's action. We conclude the trial court had authority to excuse both jurors until the time the jury was sworn and impaneled. *Kemp,* 846 S.W.2d at 295 n. 4; *Butler,* 830 S.W.2d at 131; *see also Heartfield v. State,* 470 S.W.2d 895, 896 (Tex.Crim.App.1971) (trial court did not abuse discretion in excusing veniremember who was fifty minutes late for *voir dire* since jury had not been impaneled). Further, we conclude our decision is in keeping with the spirit and intent of article 35.26. *See Griffin,* 481 S.W.2d at 840.

Moreover, even if the selection procedures violate the applicable statutes, appellant must show harm to warrant reversal. *See Cooks v. State,* 844 S.W.2d 697, 727 (Tex.

Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). Appellant does not claim nor does he show that he was forced to take an objectionable juror.[2] Likewise, he makes no showing that the jury that heard the case was not fair and impartial. Rather, appellant contends he was denied the right to intelligent use of his peremptory challenges. We disagree.

Appellant had a pool of thirty-one veniremembers from which to select a jury. Each side had ten strikes; thus, he knew at the time he made his strikes that any one of those thirty-one individuals could be placed on the jury. Appellant chose not to strike the two jurors ultimately seated in place of Reyna and Johnson. He did, however, strike a prospective juror whose name was later on the list. It is reasonable to conclude from this fact that these two jurors were acceptable to appellant. Otherwise, he would have exercised that strike against one of them. Therefore, even if the trial court erred in excusing Reyna and Johnson, appellant has failed to demonstrate that he was harmed. We overrule appellant's sole point of error.

Accordingly, we affirm the trial court's judgment.

---

**2.** An objectionable juror is one against whom such cause for challenge exists as would likely affect his competency or his impartiality in the trial. Without some such showing, it is idle simply to say that a juror is objectionable. *See Cooks,* 844 S.W.2d at 727.