IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00402-CV

 

In re randy
gates

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            The
petition for writ of mandamus is denied.  

 

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

(Chief Justice
Gray dissents without a separate opinion, but notes that a candidate is elected
by virtue of having received the majority of the votes cast, not by virtue of
the prima facie evidence thereof in the form of a certificate of election
delivered by the canvassing authority.  See Tex. Elec. Code Ann. § 67.016(a),(c), (e) (Vernon 2003); Gonzalez
v.Duran, 250 S.W.2d 322, 324 (Tex. Civ. App.—San Antonio 1952, writ ref’d) (quoting
DeShazo v. Davis, 162 S.E. 320, 321 (Va. 1932) (orig. proceeding)); Wells
v. Comm’rs’ Court, 195 S.W. 608, 609 (Tex. Civ. App.—El Paso 1917, writ
ref’d); Dean v. State ex rel. Bailey, 88 Tex. 290, 295, 30 S.W. 1047,
1048 (1895) (certified question); Ewing v. Duncan, 81 Tex. 230, 236, 16 S.W.
1000, 1002 (1891); Beeler v. Loock, 135 S.W.2d 644, 647 (Tex. Civ.
App.—Galveston 1939, writ dism’d w.o.j.) (interpreting 1925 Tex. Rev. Civ.
Stat. art. 3032 (current version at Tex.
Elec. Code Ann. § 67.016(e))) (“It is not the certificate that confers
the right on the candidate to the office, but the highest vote.”).)

Petition
denied

Opinion
delivered and filed January 10, 2007

[OT06]








 






 jury then assessed DeLeon’s punishment at
confinement in the Texas Department of Criminal Justice-Institutional Division for twenty-five
years for each aggravated sexual assault charge and twenty years for each indecency with a
child charge. DeLeon appeals on two issues. He contends (1) the trial court erred in excusing
a prospective juror because he could not write “very good” and (2) the court erred in failing to
allow testimony regarding the victim’s prior sexual activities. We conclude that although the
trial court erred in sua sponte excusing the potential juror, DeLeon has failed to establish harm
necessary to require reversal. Furthermore, the trial court properly excluded the offered
testimony in accordance with Rule 412 of the Texas Rules of Evidence. Thus, we will affirm
the judgment.
BACKGROUND FACTSIn 1990, DeLeon and his future wife, Sylvia, moved in together. Sometime during the
following year, DeLeon began molesting A.H., Sylvia’s five-year-old daughter from a prior
relationship. The molestations continued over a five-year period. DeLeon threatened A.H. to
insure that she would not tell anyone. After a violent altercation in 1996, Sylvia decided that
she and the children would leave DeLeon and stay in a women’s shelter. At that time A.H.
informed her mother of the assaults.
      A.H. was taken to Cook Children’s Medical Center in Fort Worth where she was
examined by Virginia Caldwell, a registered nurse and coordinator of the hospital’s child
sexual abuse clinic. As a result of the examination, Caldwell contacted the Johnson County
Sheriff’s Office with the allegations of sexual abuse against DeLeon.
EXCUSING VENIREMAN
      In his first point of error, DeLeon claims the trial court erred by sua sponte excusing
venireman Cerna for cause because of his difficulty with writing. Tex. Code Crim. Proc.
Ann. art. 35.16(a)(11) (Vernon 1989). DeLeon contends the trial court failed to inquire into
the prospective juror’s ability. The following colloquy took place between the trial judge,
Cerna, and the defense attorney:
      [THE COURT]:       How are you doing?
      [MR. CERNA]:        Pretty good.
      [THE COURT]:       And is it Mr. Cerna?
      [MR. CERNA]:        Yes, Sir.
      [THE COURT]:       What can I do for you, Mr. Cerna?
      [MR. CERNA]:        My writing skills and communication skills are not very good.
      [THE COURT]:       Okay.
      [MR. CERNA]:        That’s the only thing.
      [THE COURT]:       You think that might hold you back a little bit in serving as a juror?
      [MR. CERNA]:        It’s my first time up in here so I don’t know.
      [THE COURT]:       Okay, when you say you’re not very good, what do you mean? Do
you read and write English?
 
      [MR. CERNA]:        I can read but write. I cannot write very good.
      [THE COURT]:       I’m going to go ahead and excuse you Mr. Cerna.
      [MR. CERNA]:        Okay.
      [MR. GILFEATHER]:    Your Honor, note our exception.
      [THE COURT]:       Okay, I appreciate you coming up. Do you need a work receipt?
      [MR. CERNA]:        Yes.
      [THE COURT]:       If you go across. As you go out those two doors, go straight across
that hallway and they’ll give you a note to get back to work.
 
      [MR. CERNA]:        Okay. Thanks a lot.
      [MR. GILFEATHER]:    For the record, Judge, we just believe that he was qualified
under the statute.
 
      [THE COURT]:       Okay.
Applicable Law
      A venireman is qualified to serve on a jury unless he is subject to a challenge for cause
under article 35.16 of the Texas Code of Criminal Procedure. Mayo v. State, 4 S.W.3d 9, 10
(Tex. Crim. App. 1999); Butler v. State, 830 S.W.2d 125, 130 (Tex. Crim. App. 1992). “A
challenge for cause is an objection made to a particular juror, alleging some fact which renders
him incapable or unfit to serve on the jury.” Perez v. State, 11 S.W.3d 218, 220 (Tex. Crim.
App. 2000). A trial court should not on its own motion excuse a prospective juror for cause
unless that juror is absolutely disqualified from serving on the jury. Butler, 830 S.W.2d at
132; Green v. State, 764 S.W.2d 242, 246 (Tex. Crim. App. 1989); Warren v. State, 768
S.W.2d 300, 303 (Tex. Crim. App. 1989). A prospective juror is absolutely disqualified,
according to article 35.19 of the Code of Criminal Procedure, only if the juror: (1) has been
convicted of theft or any felony, (2) is under indictment or other legal accusation for theft or
any felony, or (3) is insane. Perez, 11 S.W.3d at 220. Because none of the absolute
disqualifications applied to Cerna, the trial judge erred in sua sponte excusing him. Green,
764 S.W.2d at 246.
      When a trial court sua sponte excuses a prospective juror who is not absolutely
disqualified, the error will require reversal only on a showing of harm to the defendant. Id.;
Tex. R. App. P. 44.2(b). If the trial court sua sponte excludes a qualified juror, a defendant
can show harm by establishing that the state exhausted its peremptory challenges. Green, 764
S.W.2d at 246. The reason for this is if the trial court erroneously excuses a qualified juror,
then the State has in effect received the benefit of an additional peremptory strike. Id.
 

Application 
      Here, the trial court excused Cerna because he could not write “very good.” However,
article 35.16(a)(11) permits a challenge for cause only if the venireman “cannot read or write.” 
Tex. Code Crim. Proc. Ann. art. 35.16(a)(11). Consequently, Cerna was qualified to serve
on the jury according to article 35.16(a) of the Code of Criminal Procedure. Mayo, 4 S.W.3d
at 10. However, despite this error we conclude that DeLeon has failed to establish harm
necessary to require reversal. Green, 764 S.W.2d at 246; Tex. R. App. P. 44.2(b). Although
the trial court erred in excusing the potential juror, the State used only nine of its allotted ten
peremptory challenges. Tex. Code Crim. Proc. Ann. art. 35.15(b) (Vernon Supp. 2000). 
As a result, the State did not exhaust its peremptory strikes and in effect did not receive the
benefit of an additional peremptory strike. Green, 764 S.W.2d at 246. Therefore, DeLeon
has not established harm regarding the trial court's lack of authority in sua sponte excusing
Cerna. Id. Issue one is without merit.
 EVIDENCE OF PAST SEXUAL BEHAVIORDeLeon contends the court erred in refusing to allow him to introduce evidence of the
victim’s past sexual history. The court conducted a hearing outside the presence of the jury, in
which DeLeon testified to six prior instances of sexual behavior allegedly committed by A.H. 
After hearing arguments from both sides, the trial court decided to allow testimony concerning
only two of the alleged incidents.
 

Applicable Law
      Generally, a victim’s sexual reputation is not admissible in a prosecution for sexual
assault. Tex. R. Evid. 412(a). However, Rule 412(b)(2) of the Rules of Evidence permits a
court to admit specific instances of a victim’s past sexual behavior when it is evidence:
(A) that is necessary to rebut or explain scientific or medical evidence offered by the
State;
 
(B) of past sexual behavior with the accused and is offered by the accused upon the
issue of whether the alleged victim consented to the sexual behavior which is the basis
of the offense charged;
 
(C) that relates to the motive or bias of the alleged victim;
 
(D) is admissible under Rule 609; or
 
(E) that is constitutionally required to be admitted. 

Tex. R. Evid. 412(b)(2); Stephens v. State, 978 S.W.2d 728, 732 (Tex. App.—Austin 1998,
pet. ref’d). Even if the evidence falls within the enumerated categories of Rule 412(b)(2), the
court must further find that the probative value outweighs the danger of unfair prejudice. Id.
412(b)(3); see Holloway v. State, 751 S.W.2d 866, 870 (Tex. Crim. App. 1988). We review a
court's evidentiary rulings under an abuse-of-discretion standard and will reverse only when
the court's ruling falls outside the "zone of reasonable disagreement.” Jones v. State, 982
S.W.2d 386, 394 (Tex. Crim. App. 1998).
Application 
      In a hearing outside the presence of the jury, DeLeon testified to the following: (1) in
1988 or 1989, he saw J.H., A.H.’s brother, inappropriately touch another girl; (2) in 1989 or
1990, J.H. gave A.H. a “hickey”; (3) in 1992 A.H. gave J.H. a “hickey”; (4) in 1995 or
1996, he saw A.H. naked on top of J.H. in J.H.’s bedroom; (5) in 1996, he saw A.H. and
J.H. in a barn undressed; and (6) Sylvia told him that she once caught J.H. taking off A.H.’s
diaper. The court allowed testimony before the jury about the third and fourth incidents.
      DeLeon contends that under Rule 412(b)(2)(C), the other evidence of A.H.’s past sexual
behavior establishes her motive to fabricate the accusations. Tex. R. Evid. 412(b)(2)(C). 
According to DeLeon, A.H. and Sylvia made up the allegations against him to prevent him
from contacting authorities about J.H.’s assaults on A.H. DeLeon contends this was done to
insure that the brother would not be removed from the family. However, Rule 412 does not
contemplate the admission of this type of evidence when the danger of unfair prejudice
outweighs its probative value. See Tex. R. Evid. 412(b); Stephens, 978 S.W.2d at 732.
      After hearing arguments from both sides, the trial court properly disallowed Sylvia’s
hearsay statement and testimony of the incident which did not involve A.H. Of the remaining
four instances, the trial court allowed testimony concerning only one of the “hickey” incidents
and one of the incidents where DeLeon said he saw A.H. and J.H. together undressed. Given
that the court allowed testimony about similar incidents, we cannot say that the rulings fell
outside the "zone of reasonable disagreement.” Jones, 982 S.W.2d at 394. Consequently, the
trial court did not abuse its discretion in excluding part of the evidence of A.H.’s past sexual
behavior. Id. Issue two is without merit.
 

      We affirm the judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 26, 2000
Do not publish