**Opinion issued November 14, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-23-00098-CR**

_____

**KENDRICK DEWAYNE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1719430**

---

## MEMORANDUM OPINION

A jury found appellant Kendrick Dewayne Johnson guilty of the offense of robbery. *See* TEX. PENAL CODE § 29.02.  The trial court assessed his punishment at confinement for 15 years.

In his sole issue on appeal, Johnson contends that the trial court erred during voir dire in sua sponte excusing a qualified member of the venire.

We affirm.

## Background

At the beginning of voir dire, the trial court addressed the 65-member venire with opening remarks that included the following:

> I'm told by the lawyers representing each side in this matter that they anticipate us being done by the end of the week, by the close of business on Friday. All right. We work business hours. . . . There's no warranty. You could be done sooner, you could be done later, all right.
>
> With that in mind, I'm going to talk about scheduling just in general, understanding that we tend to work 9:00-ish to 5:00-ish, all right. . . .
>
> . . . .
>
> Just last week down here we had a woman on another jury who, jury is in the box, seated, and raises her hand and says I've got a 2-year-old at home that I can't take care of, that nobody can take of after today. We need to know that now, okay. . . .
>
> So does anybody have that type of conflict coming up this week?

Venireperson 11 raised his hand and said: "I have a middle school son that I'm a single parent of that I just have to pick up." And he "[g]ets out of school at 4:00."

At the close of voir dire, Johnson and the State agreed to excuse Venireperson 11, as follows:

| [Trial Court]: | . . . . No. 11 is a single parent with an 11-year-old. I think that lets them claim an exemption. . . . Do y'all agree to No. 11? |
|---|---|
| [The State]: | Yes. |
| [Johnson]: | Sure. |

. . . .

2

| | |
|---|---|
| [Trial Court]: | No. 11 by agreement. |

Subsequently, Johnson revoked his agreement to excuse Venireperson 11, and the following colloquy occurred at the bench:

| | |
|---|---|
| [Trial Court]: | [Venireperson 11], you said you had some child care issues? |
| [Venireperson 11]: | Yes. |
| [Trial Court]: | Okay. Tell me about those. |
| [Venireperson 11]: | I'm a single parent. So my son gets out of school at 4:00 every day. |
| [Trial Court]: | All right. And how old is he? |
| [Venireperson 11]: | 13. |
| . . . . | |
| [Trial Court]: | . . . . So, the exemption stops at 12.[1] |
| [Venireperson 11]: | I know, yeah. |
| [Trial Court]: | So that's why I wanted to be clear on that. So, the exemption does not apply. |
| [Venireperson 11]: | I understand. |
| [Trial Court]: | And I don't know if you're going to be on this jury or not, but I do have to ask you, if you are on this jury, and you have to make alternate arrangements, is there anything about that that would keep you from being a fair and impartial juror? Could you devote your entire attention to this case? |
| [Venireperson 11]: | So, there aren't—well, I don't know [what] alternate arrangements would be in such a short time of me being here. It's just me, so . . . |

---

[1]  *See* TEX. GOV'T CODE. § 62.106(a)(2) ("A person qualified to serve as a petit juror may establish an exemption from jury service if the person: . . . has legal custody of a child younger than 12 years of age and the person's service on the jury requires leaving the child without adequate supervision[.]").

| | |
|---|---|
| [Trial Court]: | Okay. So that sounds to me like you can't be here. |
| [Venireperson 11]: | Yes. |
| [Trial Court]: | Is that what I'm hearing? |
| [Venireperson 11]: | Yes, sir. |
| [Trial Court]: | All right. Thank you. I'm going to excuse No. 11 for cause on the Court's own motion. |
| [The State]: | Okay. |
| [Trial Court]: | If you want to object to that you're certainly welcome to. |
| [Johnson]: | Yes, just to keep it on the record. |
| [Trial Court]: | So you are objecting to that? |
| [Johnson]: | Yes. |
| [Trial Court]: | And that objection is noted and overruled. |

After various members of the venire were dismissed for cause, by peremptory strike, or by agreement of the parties, 23 members remained. A jury was selected, and Johnson stated that he had no objections to the jury as seated. Trial then commenced, and the jury found Johnson guilty of the offense of robbery. The trial court sentenced him to confinement for 15 years, and Johnson appealed.

### Excusing a Venireperson

In a single issue, Johnson contends that the trial court erred during voir dire in sua sponte excusing a qualified member of the venire, namely, Venireperson 11.

**A.** *Standard of Review and Governing Legal Principles*

We review a trial court's decision to excuse a venireperson from jury service under an abuse-of-discretion standard. *See Kemp v. State*, 846 S.W.2d 289, 294 (Tex.

4

Crim. App. 1992). A trial court has broad discretion to excuse a venireperson "on any proper basis, either with or without the prompting of counsel." *Id.* at 293.

The Texas Court of Criminal Appeals "has consistently held that [Texas Code of Criminal Procedure] Article 35.03 gives a trial court broad discretion to excuse prospective jurors for good reason." *Crutsinger v. State*, 206 S.W.3d 607, 608 (Tex. Crim. App. 2006). Article 35.03, titled "Excuses," provides that a trial court:

> shall . . . hear and determine excuses offered for not serving as a juror, including any claim of an exemption[2] or a lack of qualification, and if the court considers the excuse sufficient, the court shall discharge the prospective juror or postpone the prospective juror's service to a date specified by the court, as appropriate.

TEX. CODE CRIM. PROC. art. 35.03 § 1.

In exercising its discretion under Article 35.03, a trial court may sua sponte consider "any" factor. *Butler v. State*, 830 S.W.2d 125, 130 (Tex. Crim. App. 1992). A trial court considers excuses on a case-by-case basis. *Jasper v. State*. 61 S.W.3d 413, 423 n.4 (Tex. Crim. App. 2001).

---

[2] Exemptions are statutory reasons that a prospective juror may be exempt from service as a matter of law. *Jasper v. State*, 61 S.W.3d 413, 423 n.4 (Tex. Crim. App. 2001); *see* TEX. CODE CRIM. PROC. art. 35.04 ("Claiming Exemption"); TEX. GOV'T. CODE § 62.106 (listing exemptions). A trial court is not restricted to excusing a prospective juror based solely on a statutory exemption. *Jasper*, 61 S.W.3d at 423; *see also* TEX. GOV'T CODE § 62.110(a) (trial court "may hear any reasonable sworn excuse of a prospective juror").

**B**.  *Analysis*

Here, during voir dire and before a jury was seated, Venireperson 11 informed the trial court that he was the sole caretaker of his 13-year-old child and that he had scheduling and childcare issues.  The trial court expressly stated that Venireperson 11 did not qualify for the statutory childcare exemption.  However, the trial court inquired as to whether Venireperson 11 had the ability to make alternate arrangements to address his scheduling and childcare issues.  And Venireperson 11 replied that he did not.  The trial court then stated on the record that it was "going to excuse" Venireperson 11 on its own motion.

Thus, the record shows that the trial court relied on its discretionary authority to excuse Venireperson 11 based on scheduling and family responsibilities. *See* TEX. CODE CRIM. PROC. art. 35.03 § 1.

"The postponement or cancellation of jury service because of a pre-existing scheduling conflict is a legitimate exercise of [a] trial court's discretion under Article 35.03." *Crutsinger*, 206 S.W.3d at 608–09; *see Jones v. State*, 119 S.W.3d 766, 790 (Tex. Crim. App. 2003) (holding trial court had discretion under Article 35.03 to excuse venireperson from service based on scheduling conflict); *Ott v. State*, 627 S.W.2d 218, 225–28 (Tex. App.—Fort Worth 1981, pet. ref'd) (holding trial court had discretion to sua sponte excuse 14 members of venire based on scheduling conflicts).  In addition, "[h]ardship and family responsibilities are excusable grounds

6

under article 35.03." *Saldivar v. State*, 980 S.W.2d 475, 485 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

We note that, "[w]hile jury service is vital and essential, . . . some people called for jury service on relatively short notice[] simply have insurmountable problems in serving in a particular week that must be recognized," and a trial court "must be allowed some leeway and authority to use some judgment in excusing jurors entirely or in postponing jury service." *Ott*, 627 S.W.2d at 227.

Johnson argues on appeal that, because the trial court stated that it was "going to excuse No. 11 *for cause* on the Court's own motion," the trial court "expressly and incorrectly relied on Article 35.16 of the Code of Criminal Procedure." (Emphasis added.)

Article 35.16, titled "Reasons for challenge for cause," provides that a "challenge for cause is an *objection* made to a particular juror, alleging some fact which renders the juror *incapable or unfit* to serve on the jury" and that a "challenge for cause may be made by either the state or the defense." TEX. CODE CRIM. PROC. art. 35.16 (emphasis added). Article 35.16 "provides a framework under which *unqualified* potential jurors may be discovered *by the parties* and excised from the panel without need to resort to the exercise of a peremptory strike." *Butler*, 830 S.W.2d at 130 (emphasis added).

7

Here, neither of the parties objected to Venireperson 11 on the ground that he was unqualified to serve on the jury. *See id.* In addition, the trial court neither found Venireperson 11 unqualified nor "expressly" stated, as Johnson asserts, that it was relying on Article 35.16. Thus, Article 35.16 does not apply.[3]

Rather, reading the complained-of statement in context, as we must, it is clear that the trial court's reference to "cause" was simply that it had found "good cause" to excuse Venireperson 11. Article 35.03 gives a trial court broad discretion to excuse prospective jurors for "good reason." *Crutsinger*, 206 S.W.3d at 608.

Because the trial court's decision to excuse Venireperson 11 for personal hardship was an appropriate exercise of its discretionary authority under Article 35.03, we hold that the trial court did not abuse its discretion in sua sponte excusing Venireperson 11 from jury service. *See* Tex. Code Crim. Proc. art. 35.03 § 1; *Crutsinger*, 206 S.W.3d at 608–09; *Kemp*, 846 S.W.2d at 294.

Further, the "erroneous excusing of a veniremember will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." *Jones v. State*, 982 S.W.2d 386, 391, 394 (Tex. Crim. App. 1998); *see also* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does

---

[3] "An excusal of an unqualified venireperson pursuant to Article 35.16 is qualitatively different than one in which a qualified venireperson requests, on the basis of a personal reason, an excuse from jury service." *Butler v. State*, 830 S.W.2d 125, 130 (Tex. Crim. App. 1992).

8

not affect substantial rights must be disregarded."). A "defendant has no right that any particular individual serve on the jury." *Jones*, 982 S.W.2d at 393. Rather, his "only substantial right is that the jurors who do serve be qualified." *Id*.; *see Gray v. State*, 233 S.W.3d 295, 301 (Tex. Crim. App. 2007).

Here, Johnson did not contend in the trial court, and does not on appeal, that the jurors who served in his case were not qualified or that he was forced to accept an objectionable juror based on the excusal of Venireperson 11. *See Jackson v. State*, 745 S.W.2d 4, 17 (Tex. Crim. App. 1988); *Leassear v. State*, 465 S.W.3d 293, 301 (Tex. App.—Houston [14th Dist.] 2015, no pet.). To the contrary, Johnson stated at trial that he had no objections to the jury as seated.

Therefore, we further hold that error, if any, in the trial court's decision to excuse Venireperson 11 was harmless. *See* TEX. R. APP. P. 44.2(b); *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009); *Leassear*, 465 S.W.3d at 301.

We overrule Johnson's sole issue.

## Conclusion

We affirm the trial court's judgment in all things.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

9